UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KEITH ELBERT BRINKER, <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, <br> Commissioner of the Social Security <br> Administration, <br><br> Defendant. | CAUSE NO. 2:22-CV-227 DRL-JEM |

## ORDER AND OPINION

Keith Elbert Brinker appeals from the Social Security Commissioner's final judgment denying his disability insurance benefits. Mr. Brinker requests remand of his claim for further consideration. Having reviewed the underlying record and the parties' arguments, the court denies Mr. Brinker's request for remand [ECF 1] and affirms the Commissioner's decision.

## BACKGROUND

Mr. Brinker alleges that he suffers from a variety of physical and mental impairments. Mr. Brinker's medically determinable impairments include morbid obesity, diabetes mellitus II, hyperlipemia, and chronic sinusitis [R. 12]. Mr. Brinker also alleges that he suffers from depression and anxiety, which the ALJ found to be non-medically determinable [R. 14].

Mr. Brinker filed a Title II application for benefits on May 22, 2020, alleging disability beginning December 31, 2008 [R. 10]. His application was denied initially on November 23, 2020, and again on reconsideration on January 11, 2021 [R. 50, 62]. His claims were heard by an Administrative Law Judge (ALJ) in a video hearing on March 5, 2021 [R. 20]. In an October 26, 2021 decision, the ALJ denied Mr. Brinker's petition on the basis that he could not show that he was disabled as defined by the Social Security Act [R. 10-15].

1

Mr. Brinker last met the insured status requirements of the Social Security Act on December 31, 2013 [R. 12]. He did not engage in substantial gainful activity from the alleged onset date of December 31, 2008, through his date last insured of December 31, 2013 [R. 12]. The ALJ found that, through the date last insured, Mr. Brinker did not have any severe impairments or combination of impairments [*id.*] Therefore, the ALJ found that he was not disabled from December 31, 2008, the alleged onset date, through December 31, 2013, the date last insured [R. 15]. This decision became final when the Appeals Council denied Mr. Brinker's request for review [R. 1-6].

## STANDARD

The court has authority to review the Council's decision under 42 U.S.C. § 405(g); however, review is bound by a strict standard. Because the Council denied review, the court evaluates the ALJ's decision as the Commissioner's final word. *See Schomas v. Colvin*, 732 F.3d 702, 707 (7th Cir. 2013). The ALJ's findings, if supported by substantial evidence, are conclusive and nonreviewable. *See Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence is that evidence that "a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and may well be less than a preponderance of the evidence, *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007) (citing *Richardson*, 402 U.S. at 401). If the ALJ has relied on reasonable evidence and built an "accurate and logical bridge from the evidence to conclusion," the decision must stand. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). Even if "reasonable minds could differ" concerning the ALJ's decision, the court must affirm if the decision has adequate support. *Simila v. Astrue*, 573 F.3d 503, 513 (7th Cir. 2009) (quoting *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008)).

## DISCUSSION

When considering a claimant's eligibility for disability benefits, an ALJ must apply a standard five-step analysis, asking whether (1) the claimant is currently employed; (2) the claimant's impairment or combination of impairments is severe; (3) her impairments meet or exceed any of the specific listed

2

impairments that the Secretary acknowledges to be so severe as to be conclusively disabling; (4) the claimant can perform her former occupation, if the impairment has not been listed as conclusively disabling, given the claimant's residual functioning capacity (RFC); and (5) the claimant cannot perform other work in the national economy given her age, education, and work experience. 20 C.F.R. § 404.1520; *Young v. Sec'y of Health & Hum. Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). The claimant bears the burden of proof until step five, when the burden shifts to the Commissioner to prove that the claimant can perform other work in the economy. *See Young*, 957 F.2d at 389.

Mr. Brinker challenges the ALJ's conclusion that he is not totally disabled. He advances two arguments: (1) the ALJ failed to analyze his mental health impairments properly, and (2) the ALJ failed to complete the five-step analysis under 20 C.F.R. § 404.1520.

Mr. Brinker asserts that the ALJ ignored evidence of his mental health impairments. He makes multiple broad assertions without any support from the medical record. For instance, he says he "has significant issues with … use of judgment, responding appropriately to supervision, co-workers and usual work situations, and dealing with changes in a routine work setting." He then posits that "[r]ealistically, [he] should only have very brief and superficial interactions with supervisors, co-workers and the general public based on his history of physical altercations with co-workers and severe distrust of supervisors." Mr. Brinker does not provide any citations to the record to support these conclusions.

The administrative decision found Mr. Brinker's depression and anxiety to be non-medically determinable impairments [R. 14]. The ALJ noted that, though clinical records sporadically documented diagnoses of anxiety or depression, those same contemporaneous clinical records failed to provide any specific mental status examinations, and Mr. Brinker's minimal psychological symptomology was rarely documented [*id.*]. The ALJ found that there was a lack of support during the relevant period for Mr. Brinker's depression and anxiety diagnoses, so the impairments were found

3

to be non-medically determinable [*id.*]. Mr. Brinker has not pointed to any evidence in the record that undermines the substantial evidence that otherwise supports the administrative decision's findings.

Mr. Brinker did not begin treatment for his mental impairments until May 2021, more than seven years after his date last insured [R. 345]. He points to medical records in June 2021 that reflect his reports of depression and anxiety [R. 313, 324, 328], but the ALJ noted Mr. Brinker's diagnoses of anxiety and depression [R. 14]. The administrative decision's observations that these clinical records omit mental status examinations and objective psychiatric symptomatology was not erroneous. Even the treatment notes from 2021 indicate normal attention span and concentration, normal thought content and process, good insight and judgment, pleasant affect, and improvement without medication [R. 313, 322, 326-28, 335, 338, 345-46]. After a month of therapy, Mr. Brinker's PHQ-9 score was a 3, indicating a depression severity of none to minimal [R. 335].[1] His GAD-7 score was a 9, indicating mild anxiety [R. 335].[2] Remand is not appropriate when substantial evidence exists to support the administrative decision.

Similarly, Mr. Brinker alleges that he "does not possess the ability to concentrate and stay on task for 2-hour segments, let alone 1-hour." He further argues that he "would not be able to be properly trained due to his limited tolerance of dealing with supervisors and co-workers. He would essentially have to work a solo job with no supervision, but again, his mental health impairments would cause him to be off task far more than what is tolerated in the national economy." However, as before, Mr. Brinker fails to support his argument with any evidence in the record. The entire medical record is less than 200 pages, and much of it is evidence outside the relevant time period with no logical tie back. Nearly all of the mental health records are from outside the relevant time period. Even so, the

---

[1] The PHQ-9, a patient health questionnaire, "is a multipurpose instrument for screening, diagnosing, monitoring, and measuring the severity of depression." *See* https://www.hiv.uw.edu/page/mental-health-screening/phq-9 (accessed April 3, 2023). It is self-administered. *See* https://www.ncbi.nlm.nih.gov/pmc/articles/PMC1495268/ (accessed April 3, 2023).

[2] The GAD-7 is an "initial screening tool for generalized anxiety disorder." *See* https://www.hiv.uw.edu/page /mental-health-screening/gad-7.

evidence outside the relevant time period indicates normal attention and concentration, intact memory, and a pleasant affect [R. 326-27, 338, 345]. There is no evidence in the record to support Mr. Brinker's assertions that he was as limited as he alleges during the relevant time period, or that would undermine the substantial evidence that exists for the administrative decision's conclusion.

Finally, Mr. Brinker asserts that the ALJ should have provided a full residual functioning capacity (RFC) analysis, identified any jobs Mr. Brinker could perform, and analyzed his past relevant work in light of the RFC. However, 20 C.F.R. § 404.1520 explains that if the ALJ finds the claimant is not disabled at any step in the five-step sequential evaluation process, he will not move on to the next step. 20 C.F.R. § 404.1520(c). The ALJ found that Mr. Brinker did not have any severe impairments at step two, and the regulations require a claimant to have a severe impairment to be found disabled. 20 C.F.R. § 404.1520. Because the ALJ found that Mr. Brinker did not suffer from any severe impairments at step two, he did not continue on to step three (the RFC evaluation) or steps four or five. The ALJ did not err by concluding his decision after step two.

## CONCLUSION

Accordingly, the ALJ's decision was based on substantial evidence. The court DENIES Mr. Brinker's request for remand and AFFIRMS the decision of the ALJ. This order terminates the case.

SO ORDERED.

April 3, 2023                                       *s/ Damon R. Leichty*
                                                    Judge, United States District Court